UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD HUE BURCH,

        Petitioner,

-vs-                               Case No.    5:11-cv-333-Oc-10PRL

WARDEN, FCC COLEMAN-MEDIUM

        Respondent.

_____/

## ORDER

When a federal inmate has had an opportunity to take a direct appeal from a conviction and sentence, and has also had an opportunity to seek collateral review under 28 U.S.C. § 2255, this Court lacks jurisdiction to entertain a subsequent petition challenging the sentence under 28 U.S.C. § 2241 except in one circumstance preserved by the "savings clause" of 28 U.S.C. § 2255(e). Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*); Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013); McKinney v. Warden, 870 F. Supp. 2d 1351 (M.D. Fla. 2012) (appeal pending).

## The Petition In This Case

Ronald Hue Burch is a federal inmate at the Coleman Federal Correctional Complex within this district and division. Burch has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 4) in which he seeks to set aside his conviction and sentence imposed in the Southern District of Florida.

Maintenance of the petition is squarely foreclosed by the law of the Circuit because Burch's case does not come within the exception permitted by the "savings clause" of 28 U.S.C. § 2255(e).  The petition will be dismissed.

## Discussion

Burch and two co-defendants were indicted in the Southern District of Florida in 2001.  The indictment was framed in nine counts.  Burch was named in seven of them.  (See Doc. 1, pp. 18-23).  Pursuant to a plea agreement, Burch entered a plea of guilty to two of those offenses:  Count One, which charged a conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii)(II), and 846; and Count Six which charged the offense of using and carrying a firearm during and in relation to drug trafficking crimes (including the offense charged in Count One) in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The statutory penalty for the Count One offense was a term of commitment of ten (10) years to life.  See 21 U.S.C. § 841(b)(1)(A)(ii)(II).  The statutory penalty for the Count Six offense was a mandatory minimum term of five (5) years to be served consecutively to any other sentence.  See 18 U.S.C. § 924(c)(1)(A)(i) and (D)(ii).

Burch was sentenced to a term of 180 months (15 years) as to Count One, and 60 months (5 years) as to Count Six, to be served consecutively to the sentence imposed as to Count One.  Significantly, there was no statutory sentencing enhancer included within either sentence.  That is, more specifically, Burch was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), nor was he subjected to an enhanced sentence under § 924(c)(1)(A)(ii) or (iii), or as a career

offender under Chapter Four of the United States Sentencing Guidelines.[1]   Burch received a term of commitment as to each count within the prescribed statutory range applicable to each offense to which he entered his plea.

Burch did not appeal.   Three years later, in 2004, he filed in the sentencing court a motion under 28 U.S.C. § 2255, but that motion was denied as untimely.   He did not appeal the denial.

Then, in 2011, seven (7) years after his unsuccessful motion under § 2255, Burch filed his present petition in this Court under 28 U.S.C. § 2241.   His claims are not at all clear.   He begins by asserting (as the Court construes it) a meritless argument that the "savings clause" of 28 U.S.C. § 2255(e) cannot restrict in any way his right to a writ under § 2241.   He then complains at length concerning the multi-count structure of the indictment, but his pleas of guilty – and his conviction and sentences – were limited to Counts One and Six.   He then claims, citing United States v. O'Brien, 560 U.S. 218, 130 S. Ct. 2169 (2010), that the firearm described in the indictment "was used in this case as a 'sentencing factor' instead of an 'element of the offense' to be proved [to] a jury of his peers. . . ."   (Doc. 1, p. 11).   O'Brien, however, has nothing to do with Burch's case.   The offense alleged in Count Six, to which Burch pled guilty, specifically described the firearm involved as "a J. C. Higgins model 583-

---

[1]     Burch's memorandum in support of the petition contains the statement that "the district court used the petitioner's prior convictions for enhancement purposes without the prosecution filing the mandatory notice of enhancement pursuant to Title 21 U.S.C. § 851(a)."   (Doc. 1, p. 6).   There is no record support for this assertion, but even if there was, the claim would be procedurally barred because it was not raised on appeal or by way of a timely motion under § 2255, nor does it come within the savings clause of 28 U.S.C. § 2255(e) as discussed, infra.

20, 12 gauge bolt action shotgun." (Doc 1, p. 11).  There was no special characteristic of the weapon alleged to be a statutory sentencing enhancer as in O'Brien under 18 U.S.C. § 924(c)(1)(B)(ii) pertaining to machine guns.  Burch then cites Abbott v. United States, _____ U.S. _____, 131 S. Ct. 18 (2010)[2] and appears to argue that his sentence as to Count Six under § 924(c) constituted impermissible double counting of his use of the firearm described in that count.  It is difficult to see how Abbott would support such a claim – indeed, Abbott is adverse to the argument – but it does not matter because use of the firearm as charged in Count Six was not an element of (or a statutory sentencing enhancer with respect to) the drug conspiracy offense alleged in Count One.  The use of the firearm was charged as a separate offense in a separate count – Count Six – and there was no allegation that the firearm had been brandished or discharged so as to trigger an enhancement of the mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii) or (iii).[3]  Rather, Count Six was a straightforward basic charge of possessing a firearm in furtherance of a drug

---

[2]      In Abbott, the defendant received a 15 year mandatory minimum sentence under ACCA, 18 U.S.C. § 924(e)(1), on a conviction for being a felon in possession of a firearm in violation of § 922(g)(1).  He was also sentenced to an additional, consecutive five (5) year term under § 924(c)(1)(A)(i) on a conviction under a separate count, as in Burch's case, charging an offense of possessing a firearm in furtherance of a drug trafficking offense.  Abbot argued that the "except" clause in § 924(c)(1)(A) prohibited the additional consecutive sentence because the mandatory minimum term on the felon in possession charge was longer than the mandatory minimum term for the § 924(c) offense.  The Supreme Court rejected that interpretation of the "except" clause and affirmed the sentence.

[3]      The Supreme Court recently held in Alleyne v. United States, _____ U.S. _____, 133 S. Ct. 2151 (2013) that the enhancers described in § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt.  Alleyne has no application in this case.  Burch was not subjected to a statutory enhancement.

trafficking crime to which Burch pled guilty and for which the mandatory minimum term is five (5) years under § 924(c)(1)(A)(i), and that is the sentence Burch received.

### The Law Governing
### 28 U.S.C. § 2255(e) and § 2241

Under the express provisions of 28 U.S.C. § 2255(e), "an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that . . . [the sentencing court] has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

To maintain his present petition, therefore, Burch must demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  This he cannot do.

In Gilbert, supra, at the time of his sentencing under the Sentencing Guidelines, Gilbert's sentence was enhanced based upon a prior conviction of a violent felony – carrying a concealed weapon.  He unsuccessfully contested the enhancement on direct appeal and later under § 2255, arguing that carrying a concealed weapon should not be classified as a violent felony for purposes of sentence enhancement under the Sentencing Guidelines.

Years later, in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), the court of appeals extended the Supreme Court decision in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008) (holding that driving under the influence was not a violent felony), and concluded that its prior decisions concerning carrying firearms had effectively been overruled.  Carrying a concealed weapon should not be classified as

a violent felony.  Gilbert's legal argument was vindicated!  He then sought to raise it again in a petition under 28 U.S.C. § 2241.  In an exhaustive en banc opinion the court of appeals concluded that Gilbert's § 2241 petition could not be entertained under § 2255(e) – the "savings clause" – because he could not demonstrate that § 2255 was "inadequate or ineffective."  With two possible exceptions, the Gilbert court held that once an offender has had an opportunity for a direct appeal followed by one opportunity for collateral review under § 2255, a subsequent change in the law regarding the legality of the offender's sentence does not come within the "savings clause" and cannot be entertained.  Stated another way, the fact that § 2255 may not provide a vehicle to revise every criminal sentence following every evolving change in the law affecting sentencing does not mean that one § 2255 proceeding is an inadequate or ineffective process to test the legality of a sentence.  See Taylor v. Gilkey, 314 F.3d 832, 834-835 (7th Cir. 2002) (cited with approval in Gilbert, 640 F.3d at 1315).

The two exceptions not covered by Gilbert are:  (1) claims under ACCA that the sentence imposed exceeds the statutory maximum that would have applied but for the sentencing error complained of (see Gilbert, 640 F.3d at 1306-1307, and 1319, n. 20); and (2) claims that newly discovered facts or evolving law demonstrate that the petitioner is actually innocent – not "innocent of the sentence" but innocent of the offense itself (see Gilbert, 640 F.3d at 1318-1319).[4]

---

[4]      The opinion in Gilbert also noted that the court was not deciding whether sentencing errors could be challenged even in an initial petition under § 2255.  See Gilbert, 640 F.3d at 1323.  A ruling on that point, however, would not be an exception to the holding in Gilbert

A.     The first exception to the rule of the <u>Gilbert</u> decision is an exception only because the issue was not presented and was, for that reason, not decided.  That issue relates to sentences under ACCA in which an offender convicted under § 922(g) who has three prior convictions for violent felonies or serious drug offenses becomes subject to a mandatory minimum of 15 years whereas the mandatory minimum for a violation of § 922(g) absent the ACCA enhancement is 10 years.  The "sentencing error" in such a case involves a showing that the ACCA § 924(e)(1) enhancement – as judged now – was illegally applied because, under evolving law, one or more of the prior convictions used as a sentence enhancer are no longer classified as a serious drug offense or as a crime of violence as in <u>Archer</u>, <u>supra</u>.   In <u>Gilbert</u>, the enhancement based upon the prior conviction was applied under the Sentencing Guidelines and affected the Guidelines sentencing range, but did not alter the statutory mandatory minimum as occurs under ACCA.  Whether § 2241 could be invoked to seek habeas relief in such a case under ACCA was not presented, and therefore not decided in <u>Gilbert</u>.

Since <u>Gilbert</u> was announced, however, this Court <u>has</u> confronted the issue involving an ACCA sentence and the availability of § 2241 to obtain relief where a change in the law undermines a prior conviction that was used as an ACCA enhancer – the issue not reached and not decided in <u>Gilbert</u>.  This Court held that the rationale

which addressed only claims made in § 2241 petitions after relief has been sought (or waived) under § 2255.  In any event, the Court of Appeals has just recently decided that relief from sentencing errors may be sought under certain circumstances in an initial § 2255 proceeding.  <u>Spencer v. United States</u>, _____ F.3d _____, 2013 WL 4106367 (11th Cir. Aug. 15, 2013).

and holding of <u>Gilbert</u> logically extends to ACCA sentences as well as Guidelines sentences, and the petitioner's motion under § 2241 was denied.   <u>McKinney v. Warden</u>, 870 F. Supp.2d 1351 (M.D. Fla. 2012) (presently on appeal to the Eleventh Circuit).

B.   The lone remaining exception to the rule of <u>Gilbert</u>, as noted in the <u>Gilbert</u> opinion, is the decision in <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999), interpreting the savings clause in § 2255(e) to be narrowly limited to cases in which: (1) the § 2241 petition is based upon a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was convicted of a non-existent offense; and (3) the Supreme Court decision is "circuit law busting" because  the law of the circuit squarely foreclosed the claim at the time it should have been raised in the petitioner's trial, appeal or first motion under § 2255.  <u>Wofford</u>, 177 F.3d at 1244-1245.

## Conclusion

The effect of the <u>Wofford</u> formulation is to limit the savings clause of § 2255(e) to those cases in which a Supreme Court decision establishes that the petitioner is actually innocent of the underlying offense as in those cases instituted in the wake of <u>Bailey v. United States</u>, 516 U.S. 137, 116 S. Ct. 501 (1995).  <u>Bailey</u> was a circuit law busting decision holding that passive possession of a firearm during the commission of a crime of violence or a drug trafficking crime did not constitute unlawful "use" of a weapon under 18 U.S.C. § 924(c) so that passive possessors previously convicted under that provision were not "innocent of the sentence," they were convicted of a

non-existent offense and were innocent in fact.  <u>See</u> <u>McKinney</u>, 870 F. Supp. 2d at 1360.[5]

Claims of factual innocence based upon newly discovered evidence, as distinguished from changes in the law, may be brought in a successive petition under § 2255(h)(1) with the permission of the court of appeals under § 2244.

If the court of appeals reverses <u>McKinney</u>, there will be one additional means of attacking a sentence under § 2241, namely, a claim that a sentence under ACCA resulted in a higher mandatory minimum term of commitment that would not have applied but for a sentencing error involving improper classification of a prior conviction used as an ACCA enhancer.  Even then, however, the petitioner must also demonstrate that he raised the issue and preserved the claim in his prior proceedings, or was precluded from doing so by clearly established circuit precedent since obliterated by a circuit law busting decision of the Supreme Court.

Burch was not sentenced under ACCA and his petition does not come within the savings clause of § 2255(e) preserving claims that may be presented under §2241.  The Court lacks jurisdiction to entertain the petition (Doc. 1) and it is DISMISSED.  The Clerk is directed to enter judgment accordingly, terminate all pending motions, and close the file.

---

[5]     The court of appeals has decided one case since <u>Gilbert</u> in which an ACCA sentence was challenged under § 2241 on the basis that one of the predicate prior convictions should no longer be treated as a violent felony.  The court held that the district court lacked jurisdiction to entertain the petition because the petitioner could not show that his contention, even though novel, was foreclosed by the established law of the circuit at the time.  <u>Williams v. Warden</u>, 713 F.3d 1332 (11th Cir. 2013).

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 26th day of August, 2013.

UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record
               Ronald Hue Burch, *pro se*
               Maurya McSheehy, Courtroom Deputy